ORDER

FACTUAL ASD PROCEDURAL llACKC, ROUND

[1] The following information is taken from the record. On July 29, 2005 Appellants Shirley Batala and Maxine Silas were ordered to appear before the trial court to show cause why they should not be held in contempt of court. The Show Cause Order stemmed from Appellants’ agreement to, and signing of, a “Third Party Release Order.” The Third Party Release released defendant Ricardo Koopee to Ms. Batala (Koopee’s mother) and Ms. Silas (Koopee’s relative) on July 21, 2005 to September 28, 2005 on the condition that he not violate any tribal or state laws or be arrested for any new offense. The Release included a provision whereby Ms. Batala and Ms. Silas promised to be responsible for Ricardo Koopee and to “report any and all violations of this Order by the Defendant to the Court or the Hopi Police immediately.” An additional provision stated “I also understand that I may be charged with contempt of court for failure to obey lawful orders of the Court if Ricardo Koopee violates any of the terms of release, or if I fail to notify the appro *408 priate authorities of any violations committed by the Defendant.”
|2] On August 12, 2005, a traffic complaint was issued against Ricardo Koopee for violating Hopi Tribal Ordinance 3.3.75, Driving without a Driver’s License. On July 25, 2005, the Hopi Prosecutor’s Office filed a Motion to Vacate the Release and to issue an arrest warrant for Koopee. The trial court granted the prosecutor’s motion by order finding that Koopee violated the Third Party Release by being cited for driving without a driver’s license that same day and issued an arrest warrant. This was followed by the issuance of the Orders to Show Cause to Ms. Batala and Ms. Silas on July 29, 2005. The Show Cause hearing was held on August 2, 2005 and both Ms. Batala and Ms. Silas were “found guilty of’ contempt of court and were fined $100 and $25 in court costs:
“Judge Scott: ... I am looking at the portion that says that T may be also held in contempt of court for failure to obey lawful orders of the court if two things must happen, either Ricardo Koo-pee violates any terms of his release or you fail to notify appropriate authorities of any violations that are committed by the defendant. In this case you did make some kind of notification, although I don’t know what where the proof is you say you called the court. I mean you didn’t call any witnesses in terms of any court clerks here, stating that they received a call from you. And you didn’t state who it was that you talked to. But the fact still remains that if Mr. Koopee violates any terms of his release, then you are still responsible,.... I am just hearing that there are these promises that were made to the court, and I take those promises very seriously. So ... in light of the testimony you have given I am still going to find you in contempt of court and I am going to give you a $100 fine, for the contempt of court. The $100 dollars, plus the $25 administrative fee for this hearing today ... is going to be due August 12th, 2005. If you fail to pay that a warrant can be issued for your arrest and ... you can end up serving jail time at $25 dollars a day.” [1]
On August 9, 2005, Appellants filed a notice of appeal. Appellants filed a joint opening brief on October 7, 2005. No response brief was filed on behalf of the Tribe. Oral arguments were scheduled for and held on November 17, 2005.
[3] Appellants argue that the trial court judge erred as a matter of law in issuing the contempt orders of August 2, 2005. Specifically, Appellants argue that their contempt proceeding is governed by Hopi Tribal Ordinance 21, Section 2.15.1(d): “A judge may punish as for contempt persons guilty of ... Disobedience or resistance to the carrying out of a lawful order or process made or issued by the judge.” They further argued in their briefing and at oral argument that the burden of proof rests with the Tribe to show that Appellants disobeyed or resisted the conditions of the Release set out for Ricardo Koopee and that the Tribe did not meet this burden as it was misallocated to the Appellants in the Show Cause hearing. They also argue that, in any case, they did not violate the conditions of the Release as they attempted to report Mr. Koopee’s violation to both the trial court and to the police department and that the trial court abused its discretion in finding otherwise. They request that the trial court’s contempt orders of August 2, 2005, holding Appellants in contempt be set aside.

ISSUES ON APPEAL

[4] (1) Whether the trial court erred in finding Appellants in contempt for *409 failing to report Koopee’s violation to either the Court or the Hopi Police Department?
[5] (2) Whether the trial court erred in automatically finding Appellants in contempt when Koopee violated the terms of his release?

DISCUSSION

I. The Trial Court Erred as a Matter of Law where it Found that Appellants Failed to Report Koopee’s Alleged Violation to the Court or the Hopi Police Department
 [6] The trial court sentencing orders and audio transcript are not entirely clear as to the basis for the findings of contempt. However, where the trial court placed the burden of proof on the Appellants to show cause as to why they should not be found in contempt of court for violating the terms of the Release Order for not reporting Koopee’s violation, it erred as a matter of law. Our 1997 case, In the Matter of Sekayumptewa, held that burden of proof in indirect, criminal contempt proceedings lies with the Tribe. In the Matter of Sekayumptewa, Robinson, and Day, Case No. ?, p. 4 (Hopi App.Ct.1997). In criminal contempt proceedings, there is a presumption of innocence and the accused must be proven guilty beyond a reasonable doubt. Id. at 5. The accused has the right to be advised of the charges against him, to have a reasonable opportunity to meet them by way of defense or explanation, the right to be represented by counsel, and the right to call other witnesses on his behalf. Id. at 4. Appellants were represented by counsel at the August 2 hearing and they were allowed to provide testimony on their own behalf. However, the burden of proof was erroneously placed upon them to show cause as to why they should not be found to be in contempt, rather than being placed upon the prosecutor to prove the violation beyond a reasonable doubt. This was legal error on the part of the trial court and as such, the orders of contempt against appellants must be reversed.
II. The Trial Court Properly Found Appellants to be in Contempt Subsequent to the Granting of the Tribe’s Motion to Vacate the Third Party Release
[7] The trial court’s contempt finding based upon Koopee’s violation of the terms of his release was proper. The “Third-Party Provision” or agreement states that: “I Shirley Batala and Maxine Silas ... understand that I may be charged with contempt of court for failure to obey lawful orders of the Court if Riear-do Koopee violates any of the terms of his release ...” On July 25, 2005 the Tribe moved to vacate the Third Party Release with respect to Koopee’s agreement and requested the trial court to issue an arrest warrant. This motion was granted and the warrant was issued that same day. On August 2nd, the trial court found Appellants in contempt based on their agreed terms in the Third Party Agreement. Appellants do not contest this action in either their briefing or in oral argument.

ORDER OF THE COURT

The Judgment Orders of August 2, 2005, to the extent that they are based upon Koopee’s violation and not upon Appellants failure to report the violation, in Case Nos. 2005-CT-0166 and 2005-CT-0167, are hereby affirmed.

. Transcription of Order to Show Cause Hearing of August 2, 2005.